THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LINDA CROUSE, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>R1 RCM HOLDCO INC.,<br><br>      Defendant. | CASE NO: 2:24-cv-00088-DBB-JCB<br><br>Judge David Barlow |

**<u>ORDER AND JUDGMENT APPROVING FLSA SETTLEMENT</u>**

  Before the Court is the Plaintiff's Unopposed Motion for Settlement Approval, the accompanying Settlement Agreement and Release, and the accompanying memorandum of law.[1] Based on the following, the Court hereby ORDERS and ADJUDGES that the motion is GRANTED and the Settlement Agreement and Release is APPROVED.

  1. Current and former employees may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement.[2] Where, as here, a collective FLSA action is settled on behalf of opt-in plaintiffs who already have joined the action, Rule 23 of the Federal Rules of Civil Procedure's class action notice protocols do not apply, and the settlement can be reviewed in a single step.[3]

---

[1] Plaintiff's Unopposed Motion for Settlement Approval, ECF No. 103, filed Oct. 16, 2025.
[2] *See Bracamontes v. Bimbo Bakeries USA, Inc.*, No. 15-CV-02324-RBJ-NYW, 2018 WL 6790171, at *1 (D. Colo. Oct. 10, 2018) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).
[3] *See Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 U.S. Dist. LEXIS 48597, at *57 (D. Kan. Apr. 11, 2016) ("The FLSA does not require a fairness hearing like that required for settlements of class actions

2.      Settlement approval is appropriate "upon demonstration that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees."[4] Here, all of these requirements are satisfied. The Settlement is therefore approved and the Settlement Administrator shall make all payments to the Named Plaintiff, the Settlement Collective Members, and Plaintiff's Counsel in the full amounts described in the Settlement Agreement and Release.

3.      The Court approves a service award to Named Plaintiff Linda Crouse in the amount of $7,500.

4.      The Court approves reasonable settlement administration costs, estimated in an amount not to exceed $17,000, to Atticus Administration, LLC.

5.      The Court approves attorneys' fees to Plaintiff's Counsel in the amount of $1,050,000.

6.      The Court approves reimbursement of the reasonable and necessary litigation expenses incurred by Plaintiff's Counsel in an amount not to exceed $65,000.

7.      For the Named Plaintiff and each Settlement Collective Member, his or her joining and continued participation in the litigation shall release the particular claims, whether known or unknown, that accrued or accrue through the date of this Order under any federal, state, local or common law, as set forth in the releases in the Settlement Agreement (*see* Sections 1.15 and 4.1).

---

brought under Fed. R. Civ. P. 23."); *Jackson v. United States Bancorp*, No. 20-2310-EFM, 2022 U.S. Dist. LEXIS 43850, at *25 (D. Kan. Mar. 11, 2022) (same).
[4] *Baker v. Vail Resorts Management Co.*, No. 13-cv-01649- PAB-CBS, 2014 WL 700096, (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores*, 679 F.2d at 1353).

8. There has been no determination by the Court as to the merits of the claims asserted by Named Plaintiff and the Settlement Collective Members against R1 RCM Holdco Inc. or any of the Released Parties (as defined in the Settlement Agreement). Neither this Order, the Settlement Agreement, nor any other documents or information relating to the offered settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (1) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; or (2) of an adjudication of the merits of this case, including, *inter alia*, Plaintiffs' entitlement to minimum, overtime, or other wages from R1 RCM Holdco Inc., or any of the Released Parties. Indeed, as emphasized in the Settlement Agreement, Defendant continues to vigorously deny any liability to Plaintiff and the Settlement Collective Members.

9. Named Plaintiff, the Settlement Collective Members, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class action, or collective action basis any action, claim, or proceeding against R1 RCM Holdco Inc. or any of the Released Parties in any forum in which any of the claims subject to the Settlement are asserted, or which in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

10. Without affecting the finality of this Final Order and Judgment, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and

enforcement of this Final Order and Judgment as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement.

11. With respect to the claims of Plaintiff and the Settlement Collective Members, this action is hereby dismissed in its entirety as against Defendant with prejudice, and without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. The class/collective claims of the putative class/collective members that did not opt-in to this action are dismissed without prejudice.

12. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

13. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

SO ORDERED AND ADJUDGED.

Signed November 4, 2025.

BY THE COURT

_____
David Barlow
United States District Judge